IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINAH PHAM, PAULA BERNAL, MARY F. BAILEY, on their behalf and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.<br><br>Defendants.<br>_____/ | No. C 12-06579 JSW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES** |

Now before the Court is the motion to remand the action to state court filed by Plaintiffs Dinah Pham, Paula Bernal, and Mary F. Bailey on behalf of themselves and a class of similarly situated persons (collectively "Plaintiffs"). The Court finds this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 26, 2013 is HEREBY VACATED. Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby GRANTS Plaintiffs' motion.

**BACKGROUND**

On October 22, 2012, Plaintiffs filed a putative class action against JPMorgan Chase Bank, Wells Fargo Bank ("Bank Defendants"), Money Mutual, Effective Marketing Solutions, Aaron Shoaf, Montel Williams ("Money Mutual Defendants"), Cash Yes, Gateway Holdings Group, LLC, Horizon Opportunities Group, SCS Processing, LLC, Payday Valet, and VIP PDL

Services, LLC ("Offshore Lender Defendants") (collectively "Defendants"). (First Amended Complaint ("FAC") ¶¶ 1-17.) Plaintiffs allege that the Offshore Lender Defendants, based primarily in the Caribbean or Central America, and unlicensed by the state of California, entered into illegal deferred deposit transactions (colloquially "payday loans") with the Plaintiffs. (*Id*. ¶¶ 19, 34-38.) Plaintiffs also allege that Money Mutual, a payday lender referral service, brokered some of these loans. (*Id*. ¶¶ 59-78.) Plaintiffs further allege that the Bank Defendants withdrew money from the Plaintiffs' checking accounts and electronically transmitted it to bank accounts belonging to the Offshore Lender Defendants. (*Id*. ¶¶ 83-89.)

Based on these allegations, Plaintiffs bring claims against Defendants for violations of the California Deferred Deposit Transaction Law ("CDDTL"), aiding and abetting violations of the CDDTL, violations of California's Unfair Competition Law ("UCL"), and negligence. (*Id*. ¶¶ 24-133.) Plaintiffs seek relief in the form of compensatory damages, cancellation of unpaid debt, punitive damages, attorney fees, a declaratory judgment, and injunctive relief. (FAC, Prayer for Relief ¶¶ 1-13.)

On December 31, 2012, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. (Notice of Removal ¶¶ 4-12.) Specifically, Defendants argue that this case fulfills the requirements of the Class Action Fairness Act of 2005, which grants federal district courts original jurisdiction over certain class action suits. (*Id*. ¶ 4.)

**ANALYSIS**

**A.     Request for Judicial Notice.**

Defendants request that this Court take judicial notice of two documents filed in *Paula Bernal, et al. v. Southwestern & Pacific Finance, Inc. DBA Check 'N Go, et al.*, Case No. CV12-05797-SBA, a case pending in the Northern District of California: (1) Notice of Removal of Defendant Southwestern & Pacific Specialty Finance, Inc., filed November 13, 2012; and (2) Joint Case Management Statement, filed February 1, 2013. (Request for Judicial Notice ("RJN"), Exs. A, B.)

Plaintiffs do not dispute the accuracy of the documents attached to Defendants' request, and the documents are of the type which this Court may properly take judicial notice. *See Lee*

2

*v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("a court may take judicial notice of 'matters of public record'"). Accordingly, the Court takes judicial notice of the documents attached to Defendants' request.

**B.      Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District Courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117.

The Class Action Fairness Act ("CAFA") provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5).

**C. Motion to Remand.**

**1. Burden of Proof.**

As a threshold matter, the Court must determine the appropriate burden of proof. The Ninth Circuit has "identified at least three different burdens of proof which might be placed on a removing defendant in varying circumstances." *Guglielmino v. McKee Foods, Inc.,* 506 F.3d 696, 699 (9th Cir. 2007). When a plaintiff has filed a complaint in state court that shows "on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id*. (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)). If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] ... a preponderance of the evidence standard" applies. *Id*. (citing *Sanchez*, 102 F.3d at 404). Finally, if "a state-court complaint affirmatively alleges that the mount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [CAFA's] jurisdictional amount is met.'" *Id*. (quoting *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).

**D. Plaintiffs' Motion to Remand.**

For purposes of removal under CAFA, the parties do not dispute minimal diversity or that the class comprises at least 100 persons. Thus, the amount in controversy, which must exceed $5,000,000, is the only statutory requirement at issue here.

**1. Defendants Fail to Demonstrate that the Amount in Controversy is Satisfied.**

Plaintiffs do not allege an amount in controversy in their complaint, and thus the Defendants bear the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *See Lowdermilk*, 479 F.3d at 997 (reserving the preponderance of the evidence standard only for those situations where the plaintiff does not seek a specific amount in damages).

4

Here, to demonstrate the amount in controversy, Defendants average the trebled compensatory damages and outstanding debt the three class representative allege in the first amended complaint, and then multiply that number by 1,000, the number of persons Plaintiffs allege comprise the class. (*See* Opp. Br. at 6-10.) Defendants then use this number as a starting point to calculate punitive damages and attorneys' fees, which are also added to the amount in controversy. (*Id*. at 10-13.) However, such a calculation, which extrapolates from three class representatives to an entire class is unsupported by underlying facts, is speculative, and falls short of meeting the preponderance of the evidence burden. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 689 (9th Cir. 2006); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1128-1130 (C.D. Cal. 2010). Specifically, extrapolating in this way, Defendants assume that the vast majority of class members received more than one loan. To support their argument, Defendants cite an article written by an economist at the Federal Reserve Bank of Kansas City. (*See* Opp. Br. at 6-7.) An article, on its own, is not the sort of evidence that demonstrates an amount in controversy by a preponderance of the evidence.[1] *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399-400 (9th Cir. 2010); *Roth*, 799 F. Supp. 2d at 1119-1120 (finding that defendant cannot assume any particular frequency as basis for its jurisdictional calculations, but must provide evidence from its own records to support its estimates). Moreover, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus*, 980 F.2d at 566. For these reasons, the Court finds that Defendants have not met their burden to demonstrate that the amount in controversy

---

[1] In support of their petition for removal, Defendants also attach a notice of removal and a joint case management statement from another case pending in the Northern District of California, to which plaintiff Bernal is a party. (*See* RJN, Exs. A, B.) Defendants argue that because Bernal did not contest federal jurisdiction in that case, Bernal may not do so here. (*See* Opp. Br. at 2 n.2.) However, the Court finds that documents from another case, premised upon different facts and evidence not before this Court, do not satisfy the preponderance of the evidence standard required to show the amount in controversy here. *See Gaus*, 980 F.2d at 567 (holding that a party must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the applicable dollar value).

5

1 exceeds $5,000,000 by a preponderance of the evidence. Thus, the Court remands this action to
2 the state court.[2]

### E. Plaintiffs' Request for Attorneys' Fees Is Denied.

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs request an award of attorneys' fees and costs incurred as a result of Defendants' allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under section 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Defendants' arguments, the Court does not find that removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Plaintiffs' fees and costs under section 1447(c).

---

[2] In their reply, Plaintiffs also argue that their sixth cause of action for violation of the UCL does not implicate a substantial federal question, which would independently provide this Court with jurisdiction over the action. Plaintiffs premise their sixth cause of action for violation of the UCL on the allegation that the Bank Defendants made withdrawals from Plaintiffs' bank accounts in order to pay the Offshore Lender Defendants, in violation of the Electronic Funds Transfer Act ("EFTA"), a federal law. Although the Defendants did not brief the matter in their opposition, this Court independently finds that the Plaintiffs' sixth cause of action for violation of the UCL does not create a substantial federal question.

"The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Instead, the cause of action must raise a substantial federal question. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). In *Empire Health Choice Assurance, Inc., v. McVeigh*, the Supreme Court found that a federal question could be deemed substantial if it presented a "nearly 'pure issue of law'" and its resolution disposed of the case. 547 U.S. 677, 700-701 (2006). In this case, resolution of the federal issue–that is, whether the Bank Defendants violated the EFTA–would require a fact-intensive inquiry as opposed to a determination of a pure matter of law. Accordingly, the Court finds that the presence of a federal issue does not confer subject matter jurisdiction. *See also Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (finding that the use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim); *Hoekstra v. State Farm General Ins. Co.*, No. C 12-06328 CRB, slip op. at 1-2 (N.D. Cal. Feb. 12, 2013) (finding removal doubtful where reference to federal law was meant to bolster state-based unfair competition claims).

## CONCLUSION

For the reasons stated herein, the Court GRANTS Plaintiffs' motion to remand this action to the Superior Court for the County of Alameda and DENIES the request for attorneys' fees. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 10, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7

Case3:12-cv-06579-JSW Document48 Filed04/10/13 Page8 of 8